Richard M. KREMEN

v.

Albert S. BLANK, etc., et al.

Civ. No. Y-85-2123.

United States District Court,
D. Maryland.

Dec. 23, 1985.

**1020**

David F. Albright, Baltimore, Md., for plaintiff.

William E. Carlson, Baltimore, Md., Norman E. Greenspan, Philadelphia, Pa., Gary S. Bernstein, David R. Cohen, William J. Rubin, Baltimore, Md., for defendants.

William Pearlman, Albert S. Blank, pro se.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

The complaint in this action alleges a complicated pattern of concealment, conveyances, and transfers of assets of the bankrupt estate of Albert S. Blank. On September 21, 1983, Albert S. Blank filed a Voluntary Petition in bankruptcy and Richard Kremen was appointed trustee of the estate. Kremen alleges that prior to filing the voluntary petition, Blank concealed as-

sets by conveying them to various members of his family and lied about those conveyances and transfers in the bankruptcy schedules and proceedings. The concealment and transfers continued, Kremen alleges, even after the bankruptcy was filed, as Blank continued to operate his businesses through his relatives. Kremen also alleges that the family members have been operating mortgage businesses similar to those that had been operated by Albert Blank, making loans with funds appropriated from the bankrupt estate. In Counts 14–16 of the amended complaint, Kremen claims that the conduct of the defendants included acts of fraud, bankruptcy fraud, mail fraud, and wire fraud that constituted a pattern of racketeering activity under the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*

Defendants Financial Express Company, Inc., Robert and Marcia Cohen, Bernard and Natalie Izzard, Sandtree Associates, Inc., Celia and Michele Blank, and Shirley Cohen have all filed motions to dismiss the RICO counts. Shirley Cohen filed a separate memorandum in support of her motion to dismiss, and the remaining defendants, divided into two groups, each filed consolidated memoranda.

Defendants argue that the RICO counts should be dismissed because there are no allegations that any of them have been convicted of the "predicate acts" of bankruptcy fraud, mail fraud, and wire fraud. The Supreme Court recently held that prior convictions for predicate acts were not prerequisites to a RICO claim. *Sedima, S.P.R.L. v. Imrex Co., Inc.,* — U.S. —, —, 105 S.Ct. 3275, 3284, 87 L.Ed.2d 346 (1985). Defendants also argue Kremen must allege a separate racketeering injury not compensable by other civil remedies. In *Sedima,* the Supreme Court also rejected that contention. *Id.*

RICO requires that the plaintiff be "injured in his business or property...." 18 U.S.C. § 1964(c). Defendants generally concede that Kremen acquired standing to

sue under RICO on behalf of the bankrupt's estate when Albert Blank filed his Voluntary Petition for Relief. They correctly argue that the trustee has no standing to sue under RICO for acts that occurred prior to the date of Blank's filing.

 Plaintiff argues that property conveyed by the Debtor in an effort to defraud his creditors prior to the filing of his Petition remains the property of the Estate. It is true that, like an unsecured general creditor, the trustee has standing to overturn fraudulent conveyances. 11 U.S.C. § 544(a)(b). Property fraudulently conveyed reverts to the estate. However, a general creditor without a lien has no legal right or interest in a Debtor's property prior to obtaining a judgment of fraudulent conveyance. *Van Royen v. Lacey*, 262 Md. 94, 277 A.2d 13 (1971). A trustee has no greater interest than an unsecured creditor in property conveyed prior to the Debtor's voluntary filing of a bankruptcy petition.

However, paragraphs 26, 35, 39, 42, 76, and 78 of the trustee's amended complaint specifically allege RICO violations by Albert Blank and all defendants, acting in concert, that are alleged to have occurred after the filing of the Voluntary Petition. Defendants claim that Kremen did not allege those RICO violations with sufficient particularity, citing *Lopez v. Dean Witter Reynolds, Inc.*, 591 F.Supp. 581 (N.D.Cal. 1984). The court in *Lopez* held that when a RICO claim alleges a serious of frauds, "the pleading of the predicate fraudulent acts is governed by Fed.R.Civ.Proc. 9(b)." 591 F.Supp. at 585.

*Lopez* held that a complaint alleging racketeering activity "includ[ing] mail fraud and wire fraud," without more, was insufficient. The complaint here is very different from the *Lopez* complaint. Paragraphs 26, 35, 39, 42, 76, and 78 allege that Albert Blank fraudulently concealed assets from the trustee, and that he continued to run his mortgage business surreptitiously after he filed for bankruptcy. The complaint alleges that the other defendants actively conspired with Blank and assisted

him in his scheme by managing Blank's mortgage business after he filed, and by using Blank's funds to finance other mortgages. The complaint alleges that the defendants collected interest from the mortgages funded by Blank's assets and used the money for their personal gain and that Blank and the other defendants continue to withhold funds that are the property of Blank's bankrupt estate.

 Paragraph 83 of the complaint alleges that this scheme constituted numerous acts of bankruptcy fraud. Exhibit A to the complaint contains a list of numerous mortgages, with the approximate dates of the mortgage agreements and the names of the parties thereto, alleged to have been funded with assets fraudulently concealed and withheld from the bankrupt estate. These detailed allegations clearly satisfy Rule 9(b).

Paragraph 84 alleges that the defendants committed at least two acts of mail fraud by conveyancing documents and funds for the purpose of executing their alleged scheme. The complaint does not identify the times or circumstances of any specific mailings, but it does put defendants on notice that any use of the mails in connection with the mortgages listed in Exhibit A are alleged to be acts of mail fraud.

Paragraph 85 of the complaint alleges that the defendants committed at least two acts of wire fraud by transferring Blank's funds to and from bank accounts in the Guinness Mahon Caymen Trust Ltd., in the Grand Cayman Islands. Again, the complaint does not identify specific times or circumstances for the alleged acts of wire fraud. Paragraphs 27 and 28 allege that Albert Blank maintained the Grand Caymen accounts for several years, from at least 1981, and that he made trips to the Grand Caymans with several of the other defendants for the purpose of opening and maintaining accounts there. Paragraph 31 alleges that Blank conveyed the Grand Cayman funds to, and through, the other defendants, in active convert with them. Again, the complaint puts defendants on notice that any transfers of funds from the

Grand Caymans are alleged to be acts of mail fraud.

■ The lack of particularity concerning the wire fraud allegations is somewhat troubling because the allegations involve both pre- and post-filing transactions, and the trustee has standing to assert claims of RICO violations for only the post-filing transactions. However, any lack of detail within the context of these very specific allegations regarding a general and continuous course of conduct is particularly within the defendants' knowledge. Discovery is the appropriate method for fleshing out the trustee's claims. *Hodgson v. Virginia Baptist Hospital,* 482 F.2d 821, 824 (4th Cir.1973).

■ Most important, defendants have been able to frame answers denying the allegations in the paragraphs which form the basis for RICO counts. "[T]he most basic consideration in making a judgment as to the sufficiency of a pleading is the determination of how much detail is necessary to give adequate notice to an adverse party and enable him to prepare responsive pleading." C. Wright and A. Miller, *Federal Practice and Procedure* § 1398, p. 415 (1969). The complaint has put the defendants on notice to what sorts of transactions are alleged to be mail and wire fraud. They have been able to frame responsive pleadings, and are in a position to conduct purposeful discovery. Defendants' motions to dismiss the RICO counts are thus hereby denied.

■ In a similar vein, defendant William Pearlman has filed a *pro se* motion which the Court has interpreted as a request for a more definite statement under Rule 12(e). The complaint gives adequate notice that the trustee alleges that Pearlman was part of the civil conspiracy outlined in considerable detail in the specific paragraphs and exhibits of the complaint. Pearlman is in a position to generally answer the allegations of the complaint and begin discovery. He has, in fact, answered all but one paragraph of the complaint. His motion for a more definite statement is denied. *Hodgson v. Virginia Baptist Hospital, supra.*

■ The trustee has moved for leave to file an amended complaint to add parties. The trustee seeks to add David F. Albright and Franklin T. Caudill, who were appointed co-trustees on August 9 by the Bankruptcy Court. The addition of the new trustees does not change the nature of the allegations against the defendants.

The trustee has also moved to add Maryland Title & Escrow Corporation and John Kazley as parties defendant. Maryland Title and Kazley will have to defend the trustee's allegations against them in a separate suit if this Court were to deny the trustee's motion. The other defendants will not be prejudiced because discovery will not conclude until May, 1986, and the parties had not deposed Maryland Title prior to receiving notice of the trustee's motion. Defendants have emphasized the lack of prejudice to them by failing to respond, though the trustee filed his motion September 6. The trustee's motion for leave to file an amended complaint to add parties will be granted.

Defendant Celia Blank, individually and as Executrix of the estate of William Blank, and Sandtree Associates, Inc. have moved for a revision of the preliminary injunction this Court issued against them on June 5, 1985. The injunction forbade the defendants from "releasing, assigning, transfering, collecting, or encumbering property of the Bankrupt Estate of Albert S. Blank or any proceeds thereof, and any Mortgages or Deeds of Trust securing repayment of the Bankrupt Estate of Albert S. Blank." Defendants contend that the injunction violates Rule 65(d) because it is too broad and vague in scope, and because it requires them to make determinations of just what property is part of Albert Blank's bankrupt estate, or the proceeds thereof.

■ Appellate courts have upheld injunctions that have required the enjoined parties to make more complex judgments. *See In re Arthur Treacher's Franchisee Litigation,* 689 F.2d 1150 (3rd Cir.1982)

(upholding injunction that forbade "any ... action which hinders or impedes the operation of Magnesco's business," including "interfering with Magnesco's sources of supply...."); *Syntex Opthalmics, Inc. v. Tsuetaki,* 701 F.2d 677 (7th Cir.1983) (upholding injunction that forbade defendants from using plaintiff's trade secrets). Furthermore, "All that is required under Fed. R.Civ.P. 65(d) is for the language of the injunction to be as specific as possible under the totality of the circumstances, such that a reasonable person could understand what conduct is proscribed." *Medtronic, Inc. v. Benda,* 689 F.2d 645, 649 (7th Cir. 1982), *cert. denied,* 459 U.S. 1106, 103 S.Ct. 731, 74 L.Ed.2d 955 (1983). At the hearing on the original motion for a preliminary injunction the trustee adduced considerable proof of a complex scheme of fraudulent transactions. Given the number of defendants, the amount of property involved, and the embryonic stage of the litigation, the Court could not practically frame a more specific order. A sweeping injunction was clearly necessary to protect the assets of the bankrupt's estate. Defendants' motion to revise the preliminary injunction is denied.

The trustee has moved for an order directing that the funds in Albert Blank's bank account at the National Bank of Washington be turned over to him, and directing Albert Blank and Ludmila Gabrovska to show cause whey they should not be cited for civil contempt. The trustee has appended the affidavits of two National Bank employees, William Grossman and Sandra Campbell. Mr. Grossman's affidavit alleges that Ms. Gabrovska cashed a check for $120.00 drawn on Albert Blank's account at the National Bank at the Waterside Mall branch on July 31, 1985. The check was made out to Ms. Gabrovska and signed "Albert Blank." The signature was apparently genuine.

The Grossman affidavit further alleges that on the following day Ms. Gabrovska returned to the Waterside Mall branch and attempted to withdraw all but $500.00 from Blank's account. By that time, Grossman had learned that withdrawals from Blank's account were not permitted pursuant to this Court's preliminary injunction. He suggested that Ms. Gabrovska try the Spring Valley branch of the bank, where Blank's account is maintained.

The Campbell affidavit alleges that Ms. Gabrovska came to the Spring Valley branch later the same day, tried to deposit a $10,000.00 check drawn on Blank's account to her own National Bank account, and then tried to cash a $6,000.00 check drawn on Blank's account. Ms. Campbell prevented Ms. Gabrovska from making either transaction.

■ From the foregoing it is apparent that Blank's account at First National should be turned over to the trustee pending the outcome of this litigation, and Albert Blank should be required to show cause why he should not be cited for civil contempt. Ms. Gabrovska was not a party to the preliminary injunction. Nevertheless, Rule 65(d) provides that an injunction shall be binding "upon those persons in active concert or participation with [the parties] who receive actual notice of the order by personal service or otherwise." Problems of notice are readily resolved by adding all individuals alleged to have been members of the alleged civil conspiracy. When, and if, appropriate, the Court will require Ms. Gabrovska to show cause why she should not be cited for civil contempt, either by showing that she was not in active concert with the parties in this case, or did not have actual notice of the Court's injunction.

■ Finally, the trustee has moved for the entry of a default judgment against Albert Blank, who is currently serving a sentence of incarceration at the Maryland House of Correction, Jessup, Maryland. He appeared *pro se* at the preliminary injunction hearing. The trustee served Blank on May 24, 1985 and moved for default on August 5. Blank has not answered the complaint or filed any other motions with this Court. The trustee's motion for default judgment will be granted pursuant to Rule 55.