**Leon M. MARTIN, an individual, Plaintiff,**

**v.**

**Harold Ed BROWN, an individual, and Kyle Energy, Inc., A Pennsylvania corporation and Emmett Lehman, an individual, Roberta Ann Brown, t/d/b/a Kyle Energy, Inc., Kyle Energy and Kyle Energy Corporation, Eunice Lehman, Kyle Energy, Kyle Energy Corporation, a Pennsylvania corporation, Kyle Energy, Inc., N.V., a foreign corporation, Apex Corporation, a foreign corporation, G. Doyle Steele, Adobe Resources Corporation, a Delaware Corporation, formerly known as Adobe Oil and Gas Corporation, Lloyd DeVos d/b/a DeVos and Company, Susan E. Thorstenn Able Company, Ltd., A**

Pennsylvania corporation, Tracy Lynn Brown, Terri Beth Brown, Lori Brown, Linda Brown and Julie Brown, a minor By and Through Harold Ed Brown and Roberta Ann Brown, her parents, Defendants.

**V. Wesley McGAHA and Donna McGaha, individually, and t/d/b/a MCG Associates, a Partnership, Plaintiffs,**

**v.**

**Harold Ed BROWN, individually and t/d/b/a Kyle Energy, Inc., Kyle Energy, Kyle Energy Corporation and Apex Corporation, Roberta Ann Brown, individually and t/d/b/a Kyle Energy, Inc., Kyle Energy and Kyle Energy Corporation, Kyle Energy, Kyle Energy, Inc., Kyle Energy Corporation, a Pennsylvania corporation, Kyle Energy, Inc., N.V., a foreign corporation, Apex Corporation, a foreign corporation, G. Doyle Steele, Adobe Resources Corporation, A Delaware corporation, formerly known as Adobe Oil and Gas Corporation, Lloyd DeVos, d/b/a DeVos and Company, Susan E. Thorstenn, Able Company, Ltd., A Pennsylvania corporation, Tracy Lynn Brown Miller, Terri Beth Brown Zinchini, Lori Brown Shumaker, Linda Brown, and Julie Brown, a minor, by and through Harold Ed Brown and Roberta Ann Brown, her parents, Defendants.**

Civ. A. Nos. 86–1239, 87–1771.

United States District Court, W.D. Pennsylvania.

Oct. 23, 1990.

David Cullis, Thomas E. Rodgers, Greensburg, Pa., for plaintiffs.

Carlos M. Recio, Washington, D.C., Joseph R. Bock, Apollo, Pa., Russell J. Ober and Richard W. Hosking, Pittsburgh, Pa., for defendants.

## OPINION OF THE COURT

LEE, District Judge.

This case arises out of transactions relating to the sale and purchase of interests in gas wells/leases. The plaintiff at CA86–1239, Leon Martin, purchased interests in such gas well/leases from defendants, Harold Ed Brown and Kyle Energy, Inc. The

plaintiff claims that the gas wells were of little or no value.

On June 11, 1986, plaintiff, Martin, initiated the action by Complaint in the District Court for the Western District of Pennsylvania. Named as defendants in the action were Harold Ed Brown, his company, Kyle Energy, Inc., and Emmett Lehman.

The Complaint was amended upon stipulation on September 26, 1986. On March 9, 1987, plaintiff was granted leave to amend Complaint to join the following additional defendants: Roberta Ann Brown, wife of Harold Ed Brown, Kyle Energy, Inc., N.V., Eunice Lehman, Kyle Energy and Kyle Energy Corporation. The second amended Complaint was filed on March 30, 1987.

Defendants', Roberta Ann Brown, t/d/b/a Kyle Energy, Inc., Kyle Energy and Kyle Energy Corporation, and Kyle Energy, Inc., N.V., Motion to Dismiss Second Amended Complaint or for more definite statement, was granted by the Court, and plaintiff was ordered to file a more definite statement.

On July 28, 1987, plaintiff filed a third amended Complaint in which the following were added as additional defendants: Apex Corporation, C. Doyle Steele, an attorney who performed legal services for Harold Ed Brown, Adobe Industries, Lloyd DeVos and Susan E. Thornstenn, attorneys who did work for Harold Ed Brown, Able Company and Tracy Lynn Brown, Terri Brown, Lori Brown, Linda Brown and Julie Brown, daughters of Harold Ed Brown.

On August 24, 1987, an action was initiated by V. Wesley McGaha and Donna McGaha t/d/b/a MCG Associates, against the same defendants and additional defendants as were named in Martin's Third Amended Complaint. The Complaints in both actions contain essentially the same factual and legal allegations and, accordingly the actions were consolidated for trial on October 8, 1987.

The plaintiffs claim that the defendants were part of a scheme to defraud them in violation of the *Racketeer Influenced and Corrupt Organizations Act* (RICO), 18 U.S.C. § 1961, *et seq.,* the *Securities Ex-* *change Act of 1934,* (Securities Act) 15 U.S.C. § 78a, *et seq.,* and state common law.

What followed was a three-year avalanche of paper in the form of motions, responses, replies, counter-motions, etc., which has transformed this action to a state of total disarray.

## ALLEGATIONS

The plaintiffs claim that they sustained losses as a result of investments in a number of partnerships and fractional interests in gas rights in certain gas wells/leases. They allege they made such investments in reliance upon misrepresentations made by Harold Ed Brown in the course of marketing the interests of the gas rights.

Between January 1985 and May of 1985, Adobe Resources Corporation sold its interests in numerous gas wells to Harold Ed Brown. Adobe contends that the wells were sold because they had determined that the wells were not expected to be long-term producing wells and, therefore, not considered economical for a large company such as Adobe to maintain and operate. Adobe sold its working interest in the wells to Brown on an "as is—where is" basis, with no warranties as to the conditions of the wells.

Plaintiffs allege that Harold Ed Brown falsely represented to them that all gas rights being offered were "producing wells." Plaintiffs further allege that Brown contended the production of the wells could be maximized by re-working the wells, and such rework would be performed by Brown and his company, Kyle Energy.

Plaintiffs expended large sums of money to invest in such wells, and also hired Brown to re-work the wells. Brown failed to re-work the wells as promised, and the wells turned out to be substantially less productive than represented. Because of the losses suffered, plaintiffs filed this action alleging violation of RICO, the Securities and common law.

At this time, all defendants [1] have either filed Motions for Summary Judgment, or have had Motions to Dismiss Under Fed.R. Civ.P. 12(b)(6), converted by the Court to Motions for Summary Judgment.[2]

Defendants submit that summary judgment is appropriate since the plaintiffs have not stated a cognizable claim under RICO or under Pennsylvania common law, and cannot recover under the Securities Act because they are barred by the Statute of Limitations, and because the sale of the wells did not constitute a security.

In ruling on a summary judgment motion, this Court must view all inferences in a light most favorable to a non-moving party. *Erie Telecommunications, Inc. v. City of Erie*, 853 F.2d 1084, 1093 (3d Cir. 1988) Summary judgment will be granted where the non-moving party fails to "establish the existence" of an element essential to the case. *Celotex Corp. v. Catrell*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) Summary judgment becomes appropriate where a genuine issue of material fact does not exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); see Fed.R.Civ.P. 56(c).

Plaintiffs contend that the Motions for Summary Judgment should not be addressed until they have the opportunity to obtain further discovery. Where Rule 56(f) [3] affidavits have been filed, setting forth specific reasons why the moving parties' affidavits in support of a motion for summary judgment cannot be responded to, and the facts are in possession of the moving party, it is common for the court to continue the motion for purposes of discovery. *Hancock Industries v. Schaeffer*, 811 F.2d 225 (3d Cir.1987); *Mid–South Grizzlies v. National Football League*, 720 F.2d 772 (3d Cir.1983).

Plaintiffs have not filed a Rule 56(f) affidavit nor have they adequately explained the need for additional discovery and what material facts they hope to uncover. Considering the voluminous record developed over the past four years, this Court will consider the motions for summary judgment on the present record.

## DISCUSSION

### I. RICO

Plaintiffs have alleged violations of 18 U.S.C. § 1962(a), (b), (c), and (d), against a wide variety of defendants, some of whom were quite remote from the alleged injurious actions. In an effort to simplify the discussion, the Court will address the claims with regard to the particular defendants they affect.

Lloyd DeVos and Susan E. Thorstenn are attorneys at law, who performed certain legal services. DeVos was a principal in the firm of DeVos and Company, a professional corporation located in New York, New York, and Thorstenn was an associate of the firm. DeVos and Company was retained by Brown to develop a corporate structure which would enable him to take advantage of favorable tax treatment afforded certain non-domestic corporations, and also protect his personal assets from potential creditors.

DeVos and Company assisted in the organization of the corporation pursuant to the laws of the Netherlands Antilles and known as Kyle Energy, Inc., N.V. The stock of Kyle Energy, Inc., N.V. was owned by a trust organized under the laws of the British Virgin Islands. DeVos and Company assisted in the creation of this

---

**1.** Default judgment was entered against Emmett and Eunice Lehman, and they are not parties to the Motions for Summary Judgment.

**2.** By Order of Court on November 25, 1987, the Motion of defendants, Harold Ed Brown, Kyle Energy, Inc., Roberta Ann Brown, Kyle Energy, Kyle Energy Corporation, Kyle Energy, Inc., N.V., Apex Corporation, Able Company, Ltd., Tracy Lynn Brown, Terri Beth Brown, Lori Brown, Linda Brown and Julie Brown, to dis-miss was converted to a Motion for Summary Judgment.

**3.** Fed.R.Civ.P. 56(f) in pertinent part reads: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavits facts essential to justify the party's opposition ... the court may ... order a continuance to permit ... discovery to be had ..."

trust, and the beneficiaries of such trust were members of Brown's family.

DeVos provided the legal advice to Brown concerning the types of corporate structures which could be utilized, the ways in which the business could be organized, and the probable tax implications associated with the various options. Thorstenn provided the corporate work necessary to implement the structure ultimately employed.

DeVos and Thorstenn were never informed by Brown of his intention to sell oil and gas leases, nor did they participate in any such transactions. Nevertheless, Thorstenn's acts are alleged to be in violation of 18 U.S.C. § 1962(b) and (d), and DeVos' acts to be in violation of 18 U.S.C. § 1962(b), (c) and (d).

■ Under § 1962(b),[4] plaintiffs must establish an interest in or control of any enterprise which affects interstate or foreign commerce. Plaintiffs have based their claims against DeVos and Thorstenn upon a power of attorney granted to each of them by Kyle Energy, Inc., N.V. Plaintiffs contend such power of attorney gives DeVos and Thorstenn "full authority" to conduct the business of Kyle Energy, Inc., N.V., and that this is the interest or control necessary for a § 1962(b) violation.

The power of attorney provides that DeVos and Thorstenn have power to:

"... act for, appear for, and to perform any and all acts and to execute any and all documents, instruments or papers on behalf of the Company, *in order to qualify* the Company to do business in Pennsylvania or any other state the Company consequently decides to do business in." (Emphasis added)

These are extremely limited powers granted to attorneys in order for such attorneys to more readily convey a service to their client. This does not rise to a level necessary to bring the defendants within the purview of § 1962(b). Without addressing the plaintiffs' lack of evidence showing a "pattern of racketeering activity" necessary under this section, the Court grants DeVos and Thorstenn's Motion for Summary Judgment as to the violation of § 1962(b).

■ Defendant DeVos is also alleged to have violated § 1962(c).[5] To sustain their claim against DeVos under this provision, plaintiffs must present evidence that DeVos conducted or participated in conducting a RICO enterprise through a pattern of racketeering activity. Plaintiffs have failed to show a "pattern of racketeering activity" under § 1962(c). A pattern of racketeering activity requires at least two predicate acts. Two isolated acts do not constitute a pattern. There must be "continuity plus relationship." *Sedima, S.P.R.L. v. Imrex Company,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *H.J. Incorporated v. Northwestern Bell Telephone Company,* 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) Continuity is defined as both a closed and open-ended concept, referring either to a closed period of repeated conduct, or to a past conduct which by its very nature projects into the future with a threat of repetition. "Relationship" refers to acts having similar purposes, results, participants, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events. *Swistock v. Jones,* 884 F.2d 755 (3d Cir.1989)

Whether the predicate acts establish a threat of continued racketeering activity depends upon the facts of each specific case. The continuity and relationship are distinct requirements. The predicate acts must be continuous or the threat of continuity must be demonstrated. *H.J. Incor-*

---

**4.** 18 U.S.C. § 1962(b): It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

**5.** 18 U.S.C. § 1962(c). It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

porated v. Northwestern Bell, 109 S.Ct. at 2902, 106 L.Ed.2d at 209 In defining the element of continuity, the Supreme Court made reference to the Third Circuit's Opinion in *Barticheck v. Fidelity Union Bank/First National Bank*, 832 F.2d 36 (1987). In *Barticheck*, the Third Circuit looked at the following factors: (1) the number of unlawful acts; (2) the length of time over which the acts were committed; (3) the similarity of the acts; (4) the number of victims; (5) the number of perpetrators; and (6) the character of the unlawful activity.

Under the test for a pattern of racketeering activity, including the continuity plus relationship factors, the plaintiffs have failed to demonstrate a cognizable RICO claim against DeVos. The predicate acts in which the plaintiffs allege DeVos took part were violations of 18 U.S.C. § 1341, mail fraud, and 18 U.S.C. § 1343, wire fraud. Such acts were alleged to have occurred with regard to DeVos' business activity in setting up the corporate structure for defendant Brown. In *Marshall–Silver Construction Company v. Mendel*, 835 F.2d 63 (3d Cir.1987), the Court held that a pattern of racketeering activities allegation must refer to "criminal activity that because of its organization, duration, and objectives ... poses ... a threat of a series of injuries over a significant period of time," finding an allegation comprising "a single victim, a single injury, and a single short-lived scheme with only two active perpetrators," insufficient. Though in the case at bar we have more than a single victim and more than two alleged active perpetrators, the racketeering activities allegation against DeVos falls far short of criminal activity that poses a threat of a series of injuries over a significant period of time. There is no evidence of the type of continuity the Supreme Court discussed in *H.J. Incorporated v. Northwestern Bell*, 109 S.Ct. at 2902, 106 L.Ed.2d at 209 where a series of related predicate acts extended over a substantial period of time. Therefore, the RICO claim under § 1962(c) cannot stand

and summary judgment will be granted on behalf of DeVos.

■ DeVos and Thorstenn are also claimed to have violated RICO Subsection 1962(d).[6] Plaintiffs must show that: (1) there was an agreement to commit the predicate acts of fraud, and (2) defendants' knowledge that those acts were part of a pattern of racketeering activity conducted in such a way as to violate §§ 1962(a), (b) or (c). *Odesser v. Continental Bank*, 676 F.Supp. 1305 (E.D.Pa.1987). Nowhere in the record do we find allegations that DeVos and Thorstenn agreed to participate in any predicate act of racketeering activity, nor can we find any evidence that such an agreement can be implied. In fact, we have found that the activities which DeVos and Thorstenn participated in do not amount to the predicate acts necessary for a violation of the RICO statute. In the absence of any such evidence or any genuine issue of fact in support of the required agreement to commit, and of the required knowledge, summary judgment will be entered against plaintiffs as to their claim pursuant to § 1962(d) of RICO.

■ Plaintiffs have also alleged violations of RICO, Subsections 1962(c) and 1962(d) against Attorney C. Doyle Steele who had also performed certain legal work for the defendant, Harold Brown. Plaintiffs contend that in furtherance of the conspiracy and/or scheme to defraud plaintiffs, defendant Steele prepared and mailed for recording false and fraudulent documents in several counties in Western Pennsylvania. The allegations claim that Steele prepared and recorded fraudulent mortgages as part of the scheme to mislead the plaintiffs and other investors as to the value of assets owned by defendant Brown and to deter the various victims of defendant Brown's fraudulent activities from taking action against said defendant. It is alleged that Steele acted to further the schemes to defraud plaintiffs and others.

The plaintiffs must bring more than general accusations to this Court in order to sustain an action in violation of § 1962(c).

---

**6.** 18 U.S.C. § 1962(d). It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section.

They have brought before this Court no evidence that Steele had an intent to defraud or acted with knowledge of any scheme to defraud. The alleged acts of Steele do not meet the crucial requirement to establish the pattern of continuity plus relationship combining to produce a pattern. *Sedima, supra* The alleged predicate acts relied upon by the plaintiffs have no relationship to the actual fraudulent misrepresentations in the sale of gas wells/leases that allegedly caused the injury to the plaintiffs.

Again, we can find nothing in the record that alleges that Steele agreed to participate in any predicate acts of racketeering activity nor that such an agreement can be implied. In view of the above, summary judgment will be entered against plaintiffs as to their claim against Steele pursuant to §§ 1962(c) and 1962(d) of RICO.

The Court next addresses the allegations against the additional defendants, namely Roberta Ann Brown, Harold Ed Brown's wife, Apex Corporation, Able Company, Ltd., Kyle Energy, Inc., N.V., and Ed Brown's five daughters, Tracy Lynn Brown, Terri Beth Brown, Lori Brown, Linda Brown and Julie Brown. We find the allegations against these additional defendants to be somewhat vague.

As far as the Brown daughters are concerned, the Complaint alleges no specific violation of the RICO statute. There is a general allegation in Count 2 of the Complaint that "all additional defendants" violated § 1962(c). However, the plaintiffs' amended RICO Statement alleges violations of § 1962(b) by the Brown daughters. The specific acts of which the Brown daughters are accused are that they were beneficiaries of a foreign trust set up to hide the "ill-gotten gains" from the alleged scheme to defraud the plaintiffs. Taking such allegations as true, the sole basis for maintenance of the suit against the Brown daughters would be, in the Court's opinion, under § 1962(a)[7] of the RICO statute. This section makes it unlawful for a person

to use or invest income, derived through a pattern of racketeering activities in the acquisition of an interest in an enterprise.

■ Giving the plaintiffs the benefit of the doubt, the Court will address the allegations with regard to §§ 1962(a), (b) and (c). Sections 1962(a) and (b) proscribe certain uses of the proceeds of racketeering activity. In order to state a claim under these sections, plaintiffs must allege that they suffered an injury by reason of a violation of these subsections. *Schwartz v. Philadelphia National Bank,* 701 F.Supp. 92 (E.D.Pa.1988); *Gilbert v. Prudential Bache Securities, Incorporated,* 643 F.Supp. 107 (E.D.Pa.1986) Neither in their amended Complaint nor in their amended RICO Statement do the plaintiffs demonstrate any causal relationship between alleged violations of §§ 1962(a) and (b) and the plaintiffs' alleged damages. The plaintiffs are required to show that the injury they have suffered has been caused by the use or investment of income in the enterprise rather than by the predicate racketeering acts or pattern. *Rose v. Bartel,* 871 F.2d 331 (3d Cir.1989) The damages claimed by the plaintiffs were caused by the alleged pattern of racketeering activities culminating in the challenged gas well/lease transactions. Whether these defendants did or did not invest the proceeds in a business affecting commerce cannot have been causally related to any injury to plaintiffs. Thus the plaintiffs lack standing to bring a RICO action under §§ 1962(a) or (b).

As for the allegations of the violation of § 1962(c) with regard to the Brown daughters, this must also fail. The plaintiffs have set forth no evidence with regard to a pattern of racketeering activity in which the daughters were involved. Plaintiffs have failed to allege a single predicate act on the part of the Brown daughters.

A similar stance may be taken with regard to Roberta Ann Brown, Apex Corporation, Able Company, Ltd., and Kyle Energy, Inc., N.V. Plaintiffs' reliance upon

---

7. 18 U.S.C. § 1962(a) in relevant part reads: It shall be unlawful ... affect interstate or foreign commerce....

§ 1962(a) to maintain the suit is misguided. For the reasons stated above, plaintiffs lack standing to bring this action under subsection 1962(a) of the RICO statute.

■ The additional defendants are also, however, included under the plaintiffs' catchall paragraph in their Complaint of alleged violations under Subsection 1962(c). Without addressing whether the plaintiffs have properly pled or proved a RICO enterprise, the Court finds that the plaintiffs have failed to show that these additional defendants have participated or performed predicate acts such to prove a pattern of racketeering activity. A thorough review of the record indicates that the alleged predicate acts of which the defendants are accused occurred after the alleged fraudulent sale of the gas leases to the plaintiffs. Such predicate acts allegedly performed by these additional defendants are all related to fraudulent conveyances which plaintiffs believed would place certain assets beyond their reach.

■ It is established that a plaintiff does not have standing to bring a fraudulent conveyance action against third parties until he becomes a judgment creditor. *Kremen v. Blank*, 55 B.R. 1018 (D.Md.1985) The Court in the *Kremen* case concluded that a general creditor has no legal right or interest in a debtor's property prior to obtaining a judgment for fraudulent conveyance.

For the reasons aforementioned, summary judgments with regard to all RICO claims will be granted in favor of additional defendants, Roberta A. Brown, Kyle Energy, Inc., N.V., Apex Corporation, Able Company, Ltd., Tracy Lynn Brown, Terri Beth Brown, Lori Brown, Linda Brown and Julie Brown.

■ Additional defendant, Adobe Resources Corporation, finds itself in the midst of this lawsuit because it admittedly sold its 100 percent working interest in 14 gas wells to defendant, Harold Ed Brown in early 1985. Adobe's decision to sell approximately 40 of its wells in Western Pennsylvania, was based upon the fact that these wells were uneconomical for further maintenance and operation. These wells were sold to defendant Brown pursuant to an arms-length transaction with one who was knowledgeable in the business of oil and gas well operation. Because the plaintiffs were allegedly defrauded by Brown in his subsequent sale of these gas wells to plaintiffs, plaintiffs have claimed that Adobe has violated § 1962(c) of the RICO statute.

Again, without addressing whether the plaintiffs have adequately pled the existence of an enterprise under § 1962(c), this Court fails to find that Adobe engaged in the requisite pattern of racketeering activity. In *Sedima*, the Supreme Court made it clear that two isolated acts of racketeering do not constitute a pattern and that the crucial requirement to establish a pattern is "continuity plus relationship combining to produce a pattern." As we have discussed above in analyzing the continuity and relationship requirements, a combination of specific factors should be considered. The number of unlawful acts, the length of time over which the acts were committed, the similarity of the acts, the number of victims, the number of perpetrators and the character of the unlawful activity are all elements we must consider in determining a pattern of racketeering activities. *Rose v. Bartel, supra.*

In *Barticheck v. Fidelity Union/First National State Bank*, 832 F.2d 36 (3d Cir. 1987), the Court declined to adopt a verbal formula for determining when unlawful activity was sufficiently extensive to satisfy the continuity act and the pattern requirement. The continuity aspect as a requirement of racketeering activity simply calls for "an inquiry into the extent of the racketeering activity." *Barticheck* at 40. The Court concluded that this determination depended upon the circumstances of the particular case.

The present Complaint fails to allege any extensive racketeering activity on Adobe's part which would even permit a finding that Adobe engaged in a pattern of racketeering activity. All allegations point to a single scheme executed over a five to seven-week period by a single perpetrator with

a specific beginning and a specific ending point. This activity is not the type which because of its organization, duration and objectives poses a threat of a series of injuries over a significant period of time. Therefore, we find that the racketeering activity does not meet the continuity requirements of *Sedima* and summary judgment with regard to the claims under § 1962(c) of the RICO statute will be granted on behalf of Adobe.

■ The Court now turns its attention to defendants, Harold Ed Brown and Kyle Energy, Inc., who are at the hub of the dispute. These defendants have been charged with violations of §§ 1962(a), (b), (c) and (d) of the RICO statute. As we stated above, §§ 1962(a) and (b) proscribe certain uses of the proceeds of racketeering activity. In order to prevail on such claims, the plaintiffs must allege that they suffered an injury by reason of a violation of these subsections. In their Complaint, plaintiffs allege the injury is due to the fraudulent representations by these defendants in their sale of their gas lease/wells. Plaintiffs do not demonstrate any causal relationship between the alleged violations of §§ 1962(a) and (b) and the plaintiffs' alleged damages. Plaintiffs injuries were caused by the alleged pattern of racketeering activities with regard to the fraudulent sale of interests in the gas wells/leases. The Court is unable to find that the plaintiffs have standing to bring a RICO action under § 1962(a) or (b).

Section 1962(c) prohibits any person employed by or associated with an enterprise from conducting or participating in the enterprise's affairs through a pattern of racketeering activity. It is the law of this Circuit that a defendant may not be liable under § 1962(c) unless, through a pattern of racketeering activities, he conducts (or participates in the conduct of) affairs of an enterprise other than itself. *Gilbert v. Prudential–Bache Securities, Inc.*, 643

F.Supp. 107 (E.D.Pa.1986) That is the enterprise must be separate and apart from the pattern of activity in which it engages. See *United States v. Riccobene*, 709 F.2d 214 (3d Cir.1983)

■ Plaintiffs allege that Brown, certain individuals and entities controlled by Brown, and certain attorneys who helped incorporate businesses for Brown, constitute the enterprise. The allegations of the Complaint by the plaintiffs effectively preclude the possibility of proving that the enterprise is separate and apart from the pattern of racketeering activity in which it engages. It is specifically averred in the Complaints that the enterprise's function was to engage in the allegedly fraudulent sale of gas wells.[8] This allegation admits that the enterprise is not an ongoing unit with an existence apart from a pattern of racketeering activity in which it allegedly engages. The only possible relationship between individuals and entities named as an enterprise is their alleged activities in carrying out racketeering activity. It was plainly the business of defendant Brown and his corporation, Kyle Energy, Inc., which was being conducted through the alleged pattern of racketeering activities and not any separately identifiable business. Thus, to the extent the plaintiffs are seeking to recover under § 1962(c), defendants' Motion for Summary Judgment must be granted.

All of the above defendants are alleged to have violated § 1962(d) of the RICO statute which makes it unlawful for persons to conspire to violate §§ 1962(a), (b) or (c). A claim cannot be made under § 1962(d) in the absence of a viable claim under § 1962(a), (b) or (c). Because this Court finds no viable claim under any of those sections, the plaintiffs' 1962(d) claim versus Kyle also fails. *Schwartz v. Philadelphia National Bank*, 701 F.Supp. 92 (E.D.Pa.1988)

---

**8.** The plaintiffs' amended RICO Case Statement asserts that: "The function of the enterprise was to acquire fractional interests in gas wells/leases of minimum value, market them in conjunction with other gas wells/leases of little or no value to unsuspecting investors and use the funds received thereby to finance other legitimate and illegitimate operations for various members of the enterprises for economic gain and for insulation of illegally gained proceeds from recovery by investors." Plaintiffs' amended Rico Statement, pp. 138–139

### SECURITIES FRAUD

 Plaintiffs have alleged in their Complaints that the defendants Harold Ed Brown, Kyle Energy, Inc., Adobe Resources Corporation, Roberta Ann Brown, t/d/b/a Kyle Energy, Inc., Kyle Energy and Kyle Energy Corporation, have violated § 10(b) of the Securities Act and Rule 10(b–5) promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240, 10(b–5) 1987. In Motions for Summary Judgment, the defendants allege that plaintiffs' allegations of securities violations are barred by the applicable statute of limitations.

The Third Circuit in the case of *In re Data Access Systems Securities Litigation*, 843 F.2d 1537 (3d Cir.1988) set forth the applicable statute of limitations to Rule 10(b–5) claims. The Court stated:

> "Accordingly, we have decided that the proper period of limitations for a complaint charging violation of 10(b) and Rule 10(b–5) is one year after the plaintiff discovers the facts constituting the violation, and in no event more than three years after such violation. Violations of the relevant securities laws can take place before and up to the time that the sales of the alleged securities take place, but not after the investment is made. *Cohen v. McAllister*, 688 F.Supp. 1040 (W.D.Pa.1988)"

Plaintiffs, V. Wesley McGaha and Donna McGaha filed their Complaint on August 24, 1987. In such Complaint, the plaintiffs allege that defendant Harold Ed Brown made certain representations regarding gas wells/leases in order to induce them to pay moneys for such. According to plaintiffs' Complaint, these representations were made between May of 1983 and August of 1983. In reliance upon defendants' representations and promises, plaintiffs invested a sum of money in certain gas wells in July of 1983. (See Paragraphs 69 through 101 of the McGaha Complaint)

Plaintiffs further allege that in March of 1985 defendant, Harold Ed Brown, induced them to exchange ownership of a certain gas well for rights in four other wells/leases. On March 28, 1985, in reliance upon representations of Harold Ed Brown, the plaintiffs invested additional moneys in addition to exchanging their interests in a certain gas well for an interest in four gas wells. (See Paragraphs 107 through 120 of the McGaha Complaint)

Under *In re Data Access*, the Court does not have to look to when the plaintiff has discovered the facts constituting the violation for any of the investments which occurred in 1983. The holding in *Data Access* allows no claim more than three years after the occurrence of such violations.

Since plaintiffs also allege violations in March of 1985, we must look to the Complaint and all facts in the record to determine when the plaintiffs discovered such violation. On June 20, 1985, plaintiffs sent a letter to defendant Brown advising defendant that their agreement of March 1985 was in default. (See Paragraph 491 of the McGaha Complaint) In June and July of 1985, plaintiffs visited the sites of the gas wells and found that no work had ever been done on such wells as promised by defendant. In several places in their Complaint, the plaintiffs also allege that they have never received income from their investments as promised by defendant Brown throughout the periods ranging from July of 1983 through November of 1985.

In addition, there is no contention that the plaintiffs' trading with the defendants extended beyond March of 1985. As reflected in the multitude of telephone calls between the plaintiffs and defendant Brown, plaintiff was certainly concerned and in fact questioned the transactions which resulted in this action.

Thus based upon the above information, it appears that the plaintiffs had been aware of the facts which they allege violated Rule 10(b–5) as early as June of 1985. Plaintiffs did not institute this suit, however, until August 24 of 1987, more than two years later. Therefore, the plaintiffs' 10(b–5) claim is time barred as to all defendants and shall therefore be dismissed.

Plaintiff, Leon Martin, initially filed his Complaint against Harold Ed Brown, Kyle Energy, Inc. and Emmett Lehman on June

11, 1986. Such Complaint was amended on March 9, 1987, to join as additional defendants Roberta Ann Brown t/d/b/a Kyle Energy, Incorporated, Kyle Energy and Kyle Energy Corporation, Eunice Lehman, Kyle Energy, Incorporated, N.V., Kyle Energy and Kyle Energy Corporation.

A third amended Complaint was filed on July 28, 1987, joining additional defendants Apex Corporation, C. Doyle Steele, Adobe Resources Corporation, Lloyd DeVos, d/b/a DeVos and Company, Susan E. Thorstenn, Able Company, Ltd., Tracy Lynn Brown, Terri Beth Brown, Lori Brown, Linda Brown and Julie Brown.

In his Complaint, Martin alleges that the violation of § 10(b) and 10(b–5) occurred between March of 1985 and May of 1985 (See Paragraphs 93 and 132 through 134 of the Martin Complaint) Martin contends that he was induced into making such investments due to the misrepresentations by Harold N. Brown in regard to the production of the gas wells/leases. Having determined above that the limitations period adopted in *Data Access* controls the instant case, it must be decided whether Martin's 10(b–5) claim is time barred.

▮ With regard to his claims against Adobe Resource Company, we find that Martin was aware of the facts constituting the alleged violation when he did not receive the return of his investment that he was allegedly promised by Brown. Though Martin knew Adobe was a prior owner of the lease interest in some of the wells he purchased, Martin did not sue Adobe until July of 1987, a full two years after the alleged violation and 13 months after the initial Complaint in this matter was filed. Accordingly, we find that the plaintiffs were certainly aware of the facts which they allege violated Rule 10(b–5) certainly by June 11, 1986. Since no suit was instituted against Adobe Resource Company until July 1987, more than one year later, plaintiffs' 10(b–5) claim is time barred.

With regard to defendant Harold Ed Brown and his related corporations, the Court finds that the initial Complaint filed by plaintiff Martin was within the proper period of limitations for charging violation of § 10(b) and Rule 10(b–5).

▮ After a careful review of the record and the Complaint, we can find absolutely no evidence that Roberta Ann Brown offered to sell or offered for sale any securities to the plaintiff. As such, we must look to plaintiff's allegations that Roberta Ann Brown was a "controlling person" within the meaning of § 20 of the *Exchange Act,* 15 U.S.C. § 78t.[9]

First and foremost, plaintiffs must show that Roberta Ann Brown directly or indirectly controlled Harold Ed Brown, Kyle Energy, Kyle Energy, Incorporated and Kyle Energy Corporation, and that such controlled persons are liable to plaintiff under any provision of rule of the *Security Exchange Act.* A person's status as an officer, director or shareholder of a corporation, absent more is not enough to trigger liability as a "controlling person" under securities laws. *Hemming v. Alfin Fragrances, Incorporated,* 690 F.Supp. 239 (S.D.N.Y.1988)

The thrust of plaintiffs' security law violations against Roberta Ann Brown is that she was a general partner of a partnership entered into on March 23, 1985, with defendants, Harold Ed Brown and Eunice Lehman, Adobe Resources, and plaintiff, Martin. As such, plaintiffs contend that Roberta Ann Brown was responsible for the adequacy and accuracy of the offering material presented and had a fiduciary duty to the plaintiff to inform him of any inaccuracies or misrepresentations. In order to attach liability to defendant Roberta Ann Brown for the conduct of another, she must be shown to have had lawful authority to control or influence that conduct in such a way as to have been able to avoid

---

**9.** 15 U.S.C. § 78t(a): "Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action."

such liability. Plaintiffs have offered no evidence which would show Roberta Ann Brown had any such control or influence. Plaintiffs' main contention under Count 1 is that Roberta Ann Brown approved the dissemination of certain offering material which misrepresented to plaintiff and other investors the facts relating to certain gas wells and/or leases. Without more, this Court finds that Roberta Ann Brown was not a "controlling person" within the meaning of 15 U.S.C. § 78t of the *Securities and Exchange Act.*

■ Plaintiffs also contend that Roberta Ann Brown is liable as an aider and abetter of others in the violation of securities laws. To sustain such a charge, even where the alleged aider and abetter derives benefits from the wrongdoing, plaintiffs must offer proof which establishes a conscious involvement in impropriety or constructive notice of the intended impropriety. Such involvement may be demonstrated by proof that Roberta Ann Brown had a general awareness that her role was part of an overall activity that was improper. *Monsen v. Consolidated Dressed Beef Company, Incorporated,* 579 F.2d 793 (3d Cir.1978), *cert. denied* 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323. Plaintiffs have put forward no evidence of any such involvement on the part of Roberta Ann Brown, nor have they shown any existence of an independent wrongful act on the part of Roberta Ann Brown. Therefore, summary judgment with regard to the security violations and controlling person liability on behalf of Roberta Ann Brown shall be granted.

## SUMMARY

To summarize, all RICO and Security Regulation claims on behalf of the plaintiffs, V. Wesley McGaha and Donna McGaha, shall be dismissed. Absent such claims, the McGaha Complaint sets forth only state law claims. This Court declines to exercise pendent jurisdiction over such claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

With regard to the Martin Complaint, the following defendants shall be completely dismissed from this case following the granting of Summary Judgment Motions with regard to the RICO claims against them: Lloyd DeVos, Susan E. Thorstenn, Tracy Lynn Brown, Terri Beth Brown, Lori Brown, Linda Brown, Julie Brown, Kyle Energy, Inc. N.V., Apex Corporation, Able Company, Ltd., and C. Doyle Steele.

Summary judgment shall be granted on behalf of Roberta Ann Brown t/d/b/a Kyle Energy, Inc., Kyle Energy, Kyle Energy Corporation and Adobe Resource Corporation as to the RICO and security regulation violation counts. The only claims remaining against them are the state law claims. This Court declines to exercise pendent jurisdiction over such claims.

Summary judgment with regard to the RICO claims shall also be granted on behalf of Harold Ed Brown, Kyle Energy, Inc., Kyle Energy and Kyle Energy Corporation. However, summary judgment with regard to Count 1, which includes claims pursuant to § 10(b) and § 20 of the Securities Act and Rule 10–b(5), shall be denied as to Harold Ed Brown, Kyle Energy, Inc., Kyle Energy, and Kyle Energy Corporation. The instant action shall, therefore, go forward against such defendants on Count 1 and the pendent state claims in Counts 3, 4, 5 and 6.

An appropriate Order follows.

## ORDER OF COURT

AND NOW, this 23rd day of October, 1990, it is hereby ordered as follows:

(1) Summary Judgments on behalf of defendants, Lloyd DeVos, Susan E. Thorstenn, Tracy Lynn Brown, Terri Beth Brown, Lori Brown, Linda Brown, Julie Brown, Kyle Energy, Inc., N.V., Apex Corporation, Able Company, Ltd., and C. Doyle Steele with regard to the RICO claims against them are hereby granted as to all plaintiffs;

(2) The ruling in subpart (1) above of this Order completely dismisses such defendants from the action;

(3) Summary Judgments on behalf of Harold Ed Brown, Kyle Energy, Inc., Adobe Resources Corporation, Roberta Ann Brown, t/d/b/a Kyle Energy, Inc., Kyle Energy and Kyle Energy Corporation with regard to violations of § 10(b) of the *Securities Exchange Act of 1934* and Rule 10(b)–5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240, 10(b–5) 1987, is hereby granted against plaintiffs, V. Wesley McGaha and Donna McGaha and MCG Associates;

(4) Summary Judgments on behalf of Roberta Ann Brown t/d/b/a Kyle Energy, Inc., Kyle Energy, Kyle Energy Corporation and Adobe Resource Corporation with regard to RICO and security regulation claims are hereby granted against plaintiff Martin. The pendent state claims are dismissed, without prejudice, for lack of subject matter jurisdiction.

(5) Summary Judgments on behalf of Harold Ed Brown, Kyle Energy, Inc., Kyle Energy and Kyle Energy Corporation with regard to the RICO claims are hereby granted against all plaintiffs.

(6) Summary Judgments on behalf of Harold Ed Brown, Kyle Energy, Inc., Kyle Energy and Kyle Energy Corporation with regard to the security regulation violations are hereby denied as to plaintiff Martin.

(7) This action shall go forward against Harold Ed Brown, Kyle Energy, Inc., Kyle Energy and Kyle Energy Corporation on Count 1 and the pendent state claims in Counts 3, 4, 5 and 6.

(8) The remaining pendent state claims on the McGaha Complaint are dismissed, without prejudice, for lack of subject matter jurisdiction.