**CONSTITUTION BANK**

v.

**Anthony J. DiMARCO and Rose DiMarco, et al.**

**Civ. A. No. 92–5670.**

United States District Court, E.D. Pennsylvania.

March 3, 1993.

John M. Elliott, Mark Kearney, Elliott, Vanaskie & Riley, Blue Bell, PA, for Constitution Bank.

Thomas C. Zielinski, Jeffrey E. Lalloway, Cozen & O'Connor, Philadelphia, PA, for Landsburg, Platt & Flax and Dalton.

Henry F. Reichner, Reed, Smith, Shaw & McClay, Christopher K. Walters, Philadelphia, PA, for Anthony J. DiMarco and Rose DiMarco.

Christopher E. Frantz, Gibbins, Buckley, Smith, Palmer & Proud, West Chester, PA, for Rosser, Tull, Thistle, Moore, Rosser & Tull.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before this Court is the Motion for Partial Judgment on the Pleadings of Defendants Anthony J. DiMarco and Rose DiMarco (hereinafter "DiMarco Defendants"). Previously, the above Defendants

filed an Answer to the complaint while the other Defendants filed Motions to Dismiss. This Court in its Memorandum and Order dated December 22, 1992, granted the Motions to Dismiss of Defendants Christopher Rosser, H. Kenneth Tull and Thistle, Moore, Rosser & Tull and of Defendants Landsburg, Platt & Flax and Thomas M. Dalton, C.P.A. For the following reasons, DiMarco Defendants' Motion for Partial Judgment on the Pleadings will be granted as to Counts I and II of Plaintiff's complaint. The pertinent facts are as follows.

## I. FACTUAL BACKGROUND

In or around February, 1988, the DiMarco Development Group was formed by Anthony J. DiMarco and his son, Anthony R. DiMarco (hereinafter "DiMarco, Jr.") for the purpose of acquiring and developing real estate and restaurant businesses.[1] Beginning in 1989, both of the DiMarcos began to suffer extreme financial difficulties which required the borrowing of additional monies from Meridian and Constitution Banks and Bell Savings and Loan Association. In March and April, 1990, the Plaintiff bank was approached by representatives of Meridian Bank and DiMarco, Jr. for the purposes of securing a $300,000 demand loan. The loan was to be collateralized by two homes then under construction at a development project known as "Hidden Creek," as well as by DiMarco, Jr.'s personal guarantee. Constitution Bank required DiMarco, Jr. to submit a statement of financial condition which was subsequently prepared by the Defendant Landsburg, Platt & Flax. The statement allegedly did not reflect that DiMarco, Jr. had individually guaranteed several million dollars in loans extended to both the DiMarco Development and the DiLullo entities. Constitution Bank extended the $300,000 loan to DiMarco Development Group at "Hidden Creek" on April 19, 1990. That loan was eventually repaid in full.

On October 1, 1990, Constitution Bank extended a second loan, also for $300,000 secured only by DiMarco, Jr. and his wife's personal guarantee and it is this loan which is the subject of this civil action. Constitution Bank alleged that they extended this line of credit to DiMarco Development Group based upon a letter dated September 20, 1990 from the Defendants Thomas Dalton and the Landsburg firm which advised that there was no significant change in DiMarco, Jr.'s financial condition since its last report. However, on or about September 21, 1990, Joseph DiLullo had filed for bankruptcy protection exposing DiMarco, Jr. and his wife Janice DiMarco to several hundred thousand dollars in indebtedness as a result of the loan guarantees from the DiMarco–DiLullo ventures.

Plaintiff also alleges that DiMarco, Jr. and his wife, with the assistance and upon the advice of the Defendant Landsburg, Platt & Flax, Christopher Rosser, H. Kenneth Tull and the law firm of Thistle, Moore, Rosser & Tull, gave a $200,000 mortgage on their home to the DiMarco Defendants on July 12, 1990, but refrained from recording it until October 30, 1990 to facilitate the procurement of the $300,000 line of credit. A second mortgage on the property for $100,000 was also given to the DiMarco Defendants on October 16, 1990 which several months later was assigned by Anthony J. to Rose DiMarco alone.

In July, 1991, DiMarco Development Group and DiMarco, Jr. defaulted on their obligations to Plaintiff. Instead of satisfying their indebtedness, DiMarco, Jr. and his wife Janice transferred their remaining assets to the DiMarco Defendants. DiMarco, Jr. and his wife subsequently filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code and as a result have not been named as party defendants in this action due to the automatic stay provisions.

## II. STANDARD

■ Federal Rule of Civil Procedure 12(c) permits a judgment on the pleadings motion to be made "after the pleadings are closed but within such time as not to delay trial." *Paskvan v. City of Cleveland Civil Service Commission,* 946 F.2d 1233 (6th Cir.1991);

---

1. DiMarco, Jr. was also involved in business relationships with Joseph V. DiLullo, having co-ownership interest in and giving several personal loan guarantees to various properties and restaurant businesses throughout the Southern New Jersey and Philadelphia area.

*Damron v. Smith,* 616 F.Supp. 424 (E.D.Pa. 1985). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss. Therefore, viewing all of the facts in a light most favorable to the non-moving party and accepting as true the allegations in that party's pleadings and as false all controverted assertions of the movant, the court may only grant the motion if it is beyond doubt that the nonmovant can plead no facts that would support his claim for relief. *United States v. Wood,* 925 F.2d 1580 (7th Cir.1991); *Haynesworth v. Miller,* 820 F.2d 1245, 1249, note 11 (D.C.Cir.1987); *International Paper Company v. Inhabitants of the Town of Jay,* 736 F.Supp. 359 (D.Me.1990).

## III. DISCUSSION

After further review of the motion for partial judgment on the pleadings and the Plaintiff's opposition thereto and using essentially the same standard applied in the Motions to Dismiss, this Court again finds that the Plaintiff's complaint fails in several respects to state a cognizable claim for relief against the DiMarco Defendants under 18 U.S.C. § 1962(c) and section 1962(d).

### A. *Section 1962(c)*

 Plaintiff has still failed to show this Court how they have sufficiently pled the four elements necessary to make out a claim for relief under § 1962(c) of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961, *et seq.* To do so, Plaintiff's complaint must allege: (1) the existence of an enterprise affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct or the affairs of the enterprise and; (4) that he or she participated through a pattern of racketeering activity that must include the allegation of at least two racketeering acts. *Shearin v. E.F. Hutton Group, Inc.,* 885 F.2d 1162, 1165 (3d Cir.1989) citing *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) and *R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d

1350, 1352 (5th Cir.1985). In addition, the "person" charged with the RICO violation cannot be the same entity as the "enterprise" under section 1962(c). *Glessner v. Kenny,* 952 F.2d 702, 710 (3d Cir.1991); *B.F. Hirsch v. Enright Refining Co., Inc.,* 751 F.2d 628, 633–634 (3d Cir.1984). 18 U.S.C. Section 1961(3) defines "person" as "any individual or entity capable of holding a legal or beneficial interest in property." "Enterprise" is defined in section 1961(4) as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

In Plaintiff's complaint at paragraph 110, the DiMarco Development Group is named as an enterprise and Defendants and the Debtors DiMarco as an association in fact enterprise, all as defined in section 1961(4). In paragraph 111, the Defendants were named as the "persons." Accordingly, Plaintiff has named the Defendants (including Anthony J. and Rose) as both the persons under section 1961(3) and enterprise under 1961(4) in direct contravention of the *Enright* rule.

 Also, this Court again feels that Plaintiff has failed to sufficiently allege a pattern of racketeering activity, the fourth element under § 1962(c) inasmuch as Plaintiff has still not shown that the racketeering predicates are related *and* that they amount to or pose a threat of continued criminal activity. *H.J., Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 240, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989); *Kehr Packages Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1412 (3d Cir.1991). A pattern of racketeering activities allegation must refer to "criminal activity that because of its organization, duration, and objectives ... poses ... a threat of a series of injuries over a significant period of time." *Martin v. Brown,* 758 F.Supp. 313, 319 (W.D.Pa.1990) citing *Marshall–Silver Construction Company v. Mendel,* 835 F.2d 63 (3d Cir.1987). In *Marshall-Silver,* the court found that an allegation comprising "a single victim, a single injury, and a single short-lived scheme with only two active perpetrators," was insufficient.

In the case before us, we find nothing in the pleadings to show that the Defendants

defrauded the Plaintiff more than the one time or that there is a threat that any criminal activity will continue or that there exists any other victim other than Constitution Bank to the alleged racketeering activity. Accordingly, we find that judgment on the pleadings may be entered in favor of Moving Defendants with respect to Plaintiff's section 1962(c) claim.

B. *Section 1962(d)*

■ To show a cause of action under § 1962(d), a plaintiff must allege that: (1) there was an agreement to commit the predicate acts of fraud, and (2) defendants' had knowledge that those acts were part of a pattern of racketeering activity conducted in such a way as to violate §§ 1962(a), (b) or (c). *Martin v. Brown*, 758 F.Supp. 313, 319 (W.D.Pa.1990). Again, after reviewing the pleadings, this Court finds that Plaintiff has not shown the establishment of a conspiracy among Defendants for the same reasons enumerated in the Memorandum and Order of December 22, 1992.

For the above reasons and based upon rationale set forth in the December 22, 1992 Memorandum and Order, this Court will grant the DiMarco Defendants' Motion for Partial Judgment on the Pleadings with respect to Counts I and II.