A–VALEY ENGINEERS,
INC., Plaintiff,

v.

BOARD OF CHOSEN FREEHOLDERS OF the COUNTY OF CAMDEN, The Villa Group, Sunrose Engineers, Inc., Carrier Corp., Buena Plumbing, Inc., Iannacone Contracting Co., Inc., Delaware Valley Mechanical Contractors, Inc., Falasca Mechanical Contractors, Inc., and John & Jane Does (1–10), Defendants.

No. CIV. 99–5421 (SSB).

United States District Court,
D. New Jersey.

July 17, 2000.

Jean D. Larosiliere, Larosiliere & Associates, L.L.C., Newark, NJ, for Plaintiff A–Valey Engineers, Inc.

Janet L. Treiman, Cohen, Seglias, Pallas & Greenhall, P.C., Haddon Heights, NJ, for Defendant Falasca Mechanical Contractors, Inc.

Steven A. Berkowitz, The Law Offices of Steven A. Berkowitz, Marlton, NJ, for Defendants Iannacone Contracting Co., Inc. and Buena Plumbing, Inc.

Robert G. Millenky, County Counsel M. Lou Garty, Assistant County Counsel, Camden, NJ, for Defendant Camden County Bd. of Chosen Freeholders.

Richard B. Livingston, Law Office of Richard B. Livingston, Springfield, NJ, for Defendant Carrier Corp.

## OPINION ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S CROSS-MOTION FOR LEAVE TO AMEND

BROTMAN, District Judge.

Presently before the Court are the (1) motion by Defendant Falasca Mechanical

Contractors, Inc. ("Falasca") to dismiss Counts I, II and V of the Amended Complaint, in which defendants Iannacone Contracting Company, Inc. ("Iannacone") and Buena Plumbing, Inc. ("Buena") join, and (2) Plaintiff's cross-motion for leave to file a second amended complaint. For the reasons stated below, Counts I, II and V of the Amended Complaint will be dismissed without prejudice against defendants Falasca, Iannacone and Buena. Additionally, plaintiff's cross-motion for leave to amend will be denied without prejudice for failure to comply with L.Civ.R. 7.1(e)(2). Plaintiff will be afforded thirty (30) days within which to renew its motion for leave to amend in conformity with L.Civ.R. 7.1(e)(2).

## I. FACTS

The plaintiff A–Valey is a mechanical and environmental engineering company. The events giving rise to the instant suit center around a Camden County construction project entitled "Bid No. A–43" ("Project"), which project involved the installation of a new air-conditioning unit in the Camden County Administration Building located in Camden, New Jersey. Defendant Board of Freeholders is responsible for awarding various construction and renovation projects within the county. Plaintiff alleges that while the Board of Freeholders purportedly awarded these projects through a "competitive" bidding process, defendants Falasca, Iannacone, and Buena effectively "had obtained a monopoly on all county projects." Compl. ¶ 4.

On May 17, 1999 the Board of Freeholders, through their representative, defendant The Villa Group ("Villa"), issued a public invitation for sealed bids for the Project. On June 11, 1999 A–Valey along with ten other prospective bidders, including defendants Falasca, Iannacone, Buena, and Delaware Valley Mechanical Contractors, Inc. ("Delaware"), attended a mandatory pre-bid conference.[1] All bids on the Project were due on July 21, 1999 at 2:00 p.m., and A–Valey met this deadline. The Project was awarded to defendant Falasca with a proposed bid of $1,706,000. A–Valey submitted the second lowest bid, which was exactly $40,000 higher than Falasca's winning bid. Buena came in third, with a bid exactly $400 greater than A–Valey's bid. A–Valey alleges that the proper procedure for handling the bids—that all bids be submitted sealed and placed into a locked container until the deadline for submission had lapsed and thereafter each bid would be opened and read in public—was not followed, and that the bidding procedure and award of the Project were rigged.

Protesting award of the Project to Falasca, A–Valey sent to the county purchasing agent and county engineer a letter alleging that the defendant competitors engaged in fraud and collusion to ensure that A–Valey did not submit the lowest bid. Due to these complaints, an informal investigation ensued. A–Valey alleges that "[b]ecause of the collusive acts on the part of the defendant corporations, the Board decided to reject all [previously submitted] bids and readvertise the bid." Compl. ¶ 40. A–Valey does not allege that it participated in the new bid or otherwise indicate who ultimately was awarded the Project.

On December 22, 1999, A–Valey filed a First Amended Complaint ("Amended Complaint")[2] against defendants Falasca,

---

1. At this meeting, plaintiff received the Project specifications, which called for installation of a 600–ton air conditioning unit. Plaintiff alleges that this equipment specified by Villa and to be supplied by defendant Carrier Corporation ("Carrier") was inappropriate for the Project and "was never intended to be installed and used at the Camden County Administration Building." Id. ¶ 29.

2. A–Valey filed its original complaint on November 17, 1999. In a letter dated December 17, 1999, the Court notified plaintiff of deficiencies in the complaint's allegation of jurisdiction. On December 22, 1999, A–Valey filed a First Amended Complaint curing these deficiencies.

Iannacone, and Buena. The Amended Complaint also names as defendants the Board of Freeholders, Villa, Sunrose Engineers, Inc. ("Sunrose"), Carrier, Delaware, and John and Jane Does 1 through 10. Count I of the Amended Complaint asserts claims against defendants Falasca, Iannacone, Buena, Carrier, Villa, Sunrose, and Delaware for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(b), (c), and (d). In Counts II and V, respectively, plaintiff alleges against the same seven defendants claims of civil conspiracy and tortious interference with business opportunities. Count III asserts a common law fraud claim against defendants Villa and Sunrose, and Count IV asserts claims against defendants Carrier, Villa and Sunrose for breach of fiduciary duties. In Count VI, plaintiff alleges that the Board of Freeholders' decision to re-open the bids on the Project was arbitrary and capricious, in violation of the New Jersey Local Public Contracts Law, N.J.S.A. 40A:11–1, et seq.

On January 31, 2000 Carrier answered the Amended Complaint and filed a cross-claim for contribution against the six defendant corporations and the Board of Freeholders.

On February 22, 2000, defendant Falasca filed a motion to dismiss Counts I, II, and V of the Amended Complaint. Also on this date, A–Valey filed a cross-motion for leave to amend the complaint. On February 28, 2000, defendants Iannacone and Buena moved to dismiss Counts I, II and V of the Amended Complaint, incorporating and relying upon the arguments set forth in Falasca's supporting memorandum. As the motions of Falasca, Iannacone, and Buena essentially raise the same arguments, the Court will resolve these motions en masse. Additionally, Falasca, Iannacone and Buena, where appropriate, will be referred to collectively as "defendants." [3]

**3.** Defendants Villa, Sunrose, Carrier and Delaware have not filed motions before the Court.

## II  DISCUSSION

### A.  Standard for Dismissal

In considering whether a complaint should be dismissed for failure to state a claim upon which relief can be granted, the Court may consider only the facts alleged in the complaint, which the Court must accept as true, see *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.1994), and exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). The Court cannot dismiss a plaintiff's complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also D.P. Enterprises, Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984). While the rules do not dictate that a claim set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Schanzer v. Rutgers Univ.*, 934 F.Supp. 669, 673 (D.N.J.1996).

### B.  Count I—RICO Claim

The RICO statute provides civil remedies to "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C.A. § 1964(c). Section 1962 contains four subsections of prohibitions. In Count I, A–Valey alleges violations of 18 U.S.C. § 1962(b), (c), and (d). Section 1962(b) prohibits "any person through a pattern of racketeering activity ... to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which af-

fect, interstate ... commerce." Section 1962(c) makes it unlawful for a "person employed by or associated with [such] enterprise ... to participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Lastly, section 1962(d) prohibits any person from "conspir[ing] to violate any of the provisions of [section 1962]." Defendants Falasco, Iannacone and Buena move to dismiss each of the RICO counts.

### 1. Section 1962(b)

The Third Circuit has held that a plaintiff asserting a claim under section 1962(b) "must allege a specific nexus between control of a named enterprise and the alleged racketeering activity" to survive a Fed. R.Civ.P. 12(b)(6) dismissal. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1411 (3d Cir.1991). Here, the Amended Complaint does not aver any such nexus. Nor does it otherwise allege conduct of defendants amounting to a violation of section 1962(b). The Section 1962(b) count therefore will be dismissed.

### 2. Section 1962(c)

■ Under section 1962(c), a plaintiff must allege:

(1) the existence of an enterprise affecting interstate commerce;

(2) that the defendant was employed by or associated with the enterprise;

(3) that the defendant participated, either directly or indirectly, in the conduct of the affairs of the enterprise, and

(4) that defendant participated through a pattern of racketeering activity that must include the allegation of at least two predicate acts.

*Stewart v. Associates Consumer Discount Co.*, 1 F.Supp.2d 469, 474 (E.D.Pa.1998); *see also Saporito v. Combustion Engineer-*

*ing Inc.*, 843 F.2d 666, 673 (3d Cir.1988), *vacated on other grounds*, 489 U.S. 1049, 109 S.Ct. 1306, 103 L.Ed.2d 576 (1989). A–Valey alleges that the seven defendant corporations, individually and collectively, were an enterprise within the meaning of 18 U.S.C. § 1961(4). Compl. ¶ 42. The Amended Complaint further avers that defendants engaged in a pattern of racketeering activity, which predicate acts include mail and wire fraud, 18 U.S.C. §§ 1341 and 1343, respectively.[4] Defendants argue that the section 1962(c) count does not satisfy the heightened pleading requirements of Fed.R.Civ. P. 9(b), and must be dismissed.[5]

■ RICO "predicate acts" that consist of acts of fraud must be pled with sufficient particularity under Fed.R.Civ.P. 9(b). *See, e.g., Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786 (3d Cir.1984); *Saporito*, 843 F.2d at 673; *Livingston v. Shore Slurry Seal, Inc.*, 98 F.Supp.2d 594, 597 (D.N.J.2000). Although allegations of the "date, place or time" of the fraud clearly satisfy the dictates of Rule 9(b), such allegations are not required. *See Seville*, 742 F.2d at 791. Where the relevant date, place or time is not specified, Rule 9(b) will be met so long as plaintiff otherwise "[has] inject[ed] precision and some measure of substantiation into [his] allegations of fraud." *Id.*

■ In *Seville*, the Third Circuit found that the complaint contained this "precision" and "substantiation." *Id.* The plaintiff in *Seville* sued under RICO, alleging that defendants fraudulently induced it to enter into various purchase and service contracts involving specific items of industrial machinery. Although the complaint did not describe in detail the contents of the alleged misrepresentations that formed

---

4. The RICO statute lists a number of state law crimes and federal offenses, including mail and wire fraud, which can constitute "predicate acts" forming a pattern of racketeering activity. *See* 18 U.S.C. § 1961(1).

5. Rule 9(b) provides, "[i]n all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

the pattern of racketeering activity, it sufficiently set forth the nature of the misrepresentations and included an elaborate list identifying "with great specificity" the items of equipment that were the subject of the fraud. *Id.*

In contrast, a complaint that merely alleges that misrepresentations were made, but fails to set forth the nature or subject of the fraud does not satisfy Rule 9(b). *See Fried v. Sungard Recovery Servs., Inc.*, 900 F.Supp. 758, 763 (E.D.Pa.1995). Additionally, Rule 9(b) requires that plaintiff indicate who made the alleged representations and to whom. *See Saporito*, 843 F.2d at 675 ("defendants and or persons acting under their direction and control" does not sufficiently identify speaker of misrepresentations and "certain C–E employees other than plaintiffs" likewise fails to identify to whom misrepresentations were made).

The Amended Complaint in this action alleges in pertinent part:

46. The pattern of racketeering activity in which defendant corporations engaged and conspired to engage includes, but is not limited to, the following predicate acts:

a. Providing false and misleading information about the specifications and equipment requirements for the Project;

b. Submitting materially false information and incomplete information on the bid forms.

47. The use of the United States mail system by defendant corporations in committing these predicate acts also violated 18 U.S.C. § 1341.

48. The use of telephones by defendant corporations in committing these predicate acts also violated 18 U.S.C. § 1341.[6]

Although the Amended Complaint arguably provides the subject and nature of the purported misrepresentations, it fails to aver that these misrepresentations were made by defendants Falasca, Iannacone, or Buena. Instead, the Amended Complaint generally alleges that "defendant corporations" supplied the misrepresentations in issue and committed mail and wire fraud.[7] "Pleadings containing collectivized allegations against 'defendants' do not [satisfy Rule 9(b) ]." *Naporano Iron & Metal Co. v. American Crane Corp.*, 79 F.Supp.2d 494, 511 (D.N.J.1999); *see also Multitherm Corp. v. Fuhr*, No. 89–6151, 1990 WL 161121 (E.D.Pa. Oct. 22, 1990). Rather, acts of fraud must be pled specifically with respect to each defendant, thereby notifying "each defendant of the nature of its alleged participation in the fraud." *Id.*

Further, while A–Valey alleges that defendant corporations engaged in mail and wire fraud, the Amended Complaint neglects to describe any use, illegal or otherwise, of the mails or wires in furtherance of the fraudulent scheme. In *Fried v. Sungard Recovery Services, Inc.*, 900 F.Supp. at 763–64, the complaint listed the acts constituting mail and wire fraud:

The Court agrees. *See Annulli v. Panikkar*, 200 F.3d 189, 200 (3d Cir.1999) (holding that list of offenses constituting RICO racketeering acts is exhaustive). The Court reads the Amended Complaint as asserting mail and wire fraud as the predicate acts while the allegations in subsections (a) and (b) refer to defendants' purported misrepresentations.

6. Defendants argue that the conduct alleged in subsections (a) and (b) does not constitute racketeering activity under 18 U.S.C. § 1961(1), which defines such activity as:

(A) any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in a controlled substance or listed chemical ..., which is chargeable under State law and punishable by imprisonment for more than one year;

(B) any act which is indictable under any of the following provisions of title 18, United States Code: ... Section 1341 (relating to mail fraud), section 1343 (relating to wire fraud....)

7. Plaintiff brings Count I against defendants Carrier, Villa, Sunrose, and Delaware in addition to Falasca, Iannacone, and Buena. Thus, "defendant corporations" collectively refers to these seven defendants.

(1) transmission of communications and payments to persons participating in the illegal asbestos removal; (2) payments to individual defendants of their EIC bonuses; (3) transmission to governmental authorities of communications, correspondences, permits, and payments for permits for building, construction and related activities which involved the illegal asbestos removal without disclosing that involvement; and (4) failing to make reports required under the Clear Air Act and CERCLA.

*Id.* Additionally, the complaint indicated to whom the misrepresentations were made. The district court nonetheless found the complaint insufficient under Rule 9(b), for failure to allege the nature or subject of the purported misrepresentations. *See also Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir.1986) (upholding Rule 9(b) dismissal of RICO count alleging mail and wire fraud as predicate racketeering acts where complaint failed to identify "any use of the mails or telephones" in relation to fraudulent scheme), *cited in Saporito,* 843 F.2d at 675 n. 15. Moreover, A–Valey has not identified those defendant corporations alleged to have used the mails or wires. *See Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 658–59 (3d Cir.1998) (upholding rule 9(b) dismissal of complaint alleging mail and wire fraud as predicate racketeering acts where complaint described content of fraudulent mailings in "reasonably specific terms" but, among other deficiencies, failed to specify "when, by whom, and to whom" fraudulent mailings were sent); *Andreo v. Friedlander, Gaines, Cohen, Rosenthal & Rosenberg,*

660 F.Supp. 1362, 1369 (D.Conn.1987) (complaint did not sufficiently allege mail and wire fraud as RICO predicate acts where it merely alleged that "defendants" used mail but "[did] not specify which defendants used mail or wire services, what was transmitted, or to whom it was sent"). In light of these deficiencies, A–Valey's section 1962(c) count does not satisfy Rule 9(b)'s heightened pleading requirements, a fact that A–Valey apparently concedes.[8]

### 3. Section 1962(d) Count

■ To state a claim for a RICO conspiracy under section 1962(d), a plaintiff must allege that defendants (1) agreed to commit predicate racketeering acts (2) with knowledge that the acts formed a pattern of racketeering activity in violation of § 1962(a), (b), or (c). *See Seville,* 742 F.2d at 792 n. 8; *Odesser v. Continental Bank,* 676 F.Supp. 1305, 1312 (E.D.Pa. 1987). In Count I, A–Valey alleges:

44. Defendant corporations conspired with others, including but not limited to John Doe–1 and Jane Doe–2, employees of the Camden County administration, to acquire county projects through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).

45. Defendant corporations also conspired with each other and others, including but not limited to John Doe–3 and Jane Doe–4, employees of the Camden County administration, to conduct the affairs of the Camden County Division of Purchasing through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).

8. In its opposition brief, A–Valey acknowledges that the allegations set forth in Count I lack the specificity mandated by Rule 9(b):
   In the case at bar, defendants alleged that Count I, II, and [V] of the ... Complaint are not specific enough to place them on notice of their liability. In effect what they are seeking is a more detail [sic] "bill of particulars" as to what averments A–Valey asserts violated RICO, were conspiratorial, and interfered with A–Valey's business op-

portunities. As to Count [V] ..., defendants' arguments are meritless. Count [V] properly pleads all of the elements of a tort.
   *However, in reviewing the ... Complaint and the submissions submitted by defendants and the case law and rules referred therein as to Counts I and II, plaintiff's allegations therein could be pled more specifically. Therefore, Plaintiff respectfully requests leave to amend for that purpose.*
Pl's. Opp'n Br. at 5.

■ Acknowledging that conspiracy claims are not subject to the specificity requirement of Rule 9(b), *see, e.g., Odesser,* 676 F.Supp. at 1313; *Alfaro v. E.F. Hutton & Co.,* 606 F.Supp. 1100 (E.D.Pa.1985), Falasca nonetheless moves to dismiss plaintiff's section 1962(d) count, arguing that the Amended Complaint fails to satisfy the minimal pleading requirements of Fed.R.Civ.P. 8. Under Rule 8, A–Valey needs only to present a short plain statement of the conspiracy claim showing that it is entitled to relief. However, "[a] general allegation of conspiracy without a statement of facts [is] an allegation of legal conclusion and insufficient to state a cause of action." *Black & Yates v. Mahogany Ass'n, Inc.,* 129 F.2d 227, 232 (3d Cir. 1941). To properly plead a conspiracy claim, plaintiff must allege "[those] facts constituting the conspiracy, its object and accomplishment." *Id.*

In *Alfaro,* the district court dismissed plaintiff's section 1962(d) conspiracy claim on the grounds that the allegations of the complaint were so vague that they failed to satisfy Rule 8. 606 F.Supp. at 1117–18. The allegations were pled as follows:

34. Defendant individually and in conspiracy with others engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

35. Defendant conspired to conduct the affairs of the above enterprises [Hutton and Energy Resources] through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d).

*Id.* at 1117. In dismissing the conspiracy count, the court noted that "[n]one of the other allegations in the complaint provide[d] factual support for the [conspiracy allegations]." *Id.* The court dismissed the count without prejudice and granted plaintiff leave to file an amended complaint "describ[ing] the general composition of the conspiracy, some or all of its broad objectives, and defendant's general role in that conspiracy." *Id.* at 1117–18.

In this case, A–Valey alleges that the defendant corporations conspired with oth-

ers and one another "to acquire county projects" and "to conduct the affairs of the Camden County Division of Purchasing" through a pattern of racketeering activity. Compl. ¶¶ 44, 45. While the Amended Complaint indicates the objectives of the alleged conspiracy, it fails to describe the general composition of the conspiracy and each defendant's role therein. Also absent are allegations that defendants, in agreeing to commit the predicate acts of mail and wire fraud, did so with knowledge that such acts constituted a pattern of racketeering activity in violation of § 1962(a), (b), or (c). *See Odesser,* 676 F.Supp. at 1312. The Court agrees with plaintiff that "[its conspiracy] allegations could be pled more specifically." *See supra* n. 8.

For the reasons stated, Count I against defendants Falasca, Iannacone and Buena will be dismissed without prejudice.

## C. Count II: Civil Conspiracy

■ In Count II, A–Valey brings a claim of civil conspiracy against defendant corporations, alleging:

52. Upon information and belief, defendants, two or more, acting individually, and/or as directed by John and Jane Does, employees of Camden County, and/or on behalf of themselves, including employees of Camden County, tacitly or explicitly agreed to participate in the unlawful conduct alleged in paragraphs 15 through 40, and/or tacitly or explicitly agreed to perform certain lawful acts in an unlawful manner.

Like the RICO conspiracy claim in Count I, the allegations of civil conspiracy in Count II are deficient. Count II merely avers that some of the defendants ("two or more") were involved in a conspiracy. The general composition of the conspiracy and the role of each defendant therein are not described. Accordingly, Count II will be dismissed.

## D. Count V: Tortious Interference with Business Relations

■ Under New Jersey law, a claim of tortious interference must satisfy the following five elements:

(1) plaintiff had a reasonable expectation of economic benefit or advantage;
(2) defendants knew of plaintiff's expectation;
(3) defendants wrongfully, intentionally interfered with that expectation;
(4) absent defendants' interference, a reasonable probability existed that plaintiff would have received the expected economic benefit;
(5) plaintiff suffered damages resulting from defendants' interference.

*Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 186 (3d Cir.1992). Falasca moves to dismiss Count V, arguing that the Amended Complaint fails to allege elements (1) and (4) above. Opposing dismissal, A–Valey conclusively states that "Count [V] properly plead all of the elements of a tort." [9] A–Valey's Opp'n Br. at 5. A–Valey does not state the elements of tortious interference nor does it demonstrate that the Amended Complaint alleges these elements.

Count V of the Amended Complaint states:

68. A–Valey had a reasonable expectation that they would be able to participate fairly in the bidding process, without any collusion or interference by the other participants and those entrusted to conduct the bidding process.

69. A–Valey participated in the bidding process and prepared and submitted a bid only after investing substantial amounts of time and expense.

70. Defendants had knowledge of the existence of A–Valey and their participation in the bidding process.

71. Defendants intentionally, recklessly, maliciously, and negligently interfered with and prevented A–Valey from wining [sic] the bid for the Project.

72. As a proximate result of Defendants' intentional, reckless, malicious, and negligent interference with A–Valey wining [sic] the Project, A–Valey suffered substantial actual and compensatory damages, including but not limited to damage to business and property, loss of goodwill, and loss of income.

Defendants assert that A–Valey has not pled the element of reasonable expectation of economic benefit and in fact has admitted to the contrary. The portion of the Amended Complaint upon which defendants rely states:

17. [ ] Whatever county project was up for bid, defendants Buena, Iannacone, and Falasca, either directly or indirectly though other corporations that they controlled, would win. In effect, [these] defendants ... had obtained a monopoly on all county projects.

18. In 1999, some concerned county residents and officials approached A–Valey and requested that they participate in the "competitive" bid process so that this apparent monopoly by Buena, Iannacone and Falasca could be broken. A–Valey agreed to do so and began actively looking for county projects that were appropriate for their area of expertise[, ultimately learning about the Project].

Defendants argue that as the above allegations demonstrate plaintiff's knowledge of defendants' "apparent monopoly" of county contracts, plaintiff reasonably could not have expected to win the Project, that is to receive any economic benefit. Falasca's Reply Br. at 5. The Court disagrees. Tortious interference claims are designed to "protect[ ] the right to pursue one's business, calling or occupation free from undue influence or molestation.' " *Printing MartMorristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 563 A.2d 31, 36 (1989). The element of reasonable expectation of economic benefit concerns whether plaintiff was in pursuit of business. *Id.* at 38. Here, the allegations of the Amended Complaint and all reasonable inferences therefrom support a finding that A–Valey submitted its bid in hope of obtaining the

**9.** In its opposition brief, A–Valey mistakenly refers to Count V as Count III.

Project.[10] That A–Valey knew about defendants' alleged monopoly does not foreclose its claim of tortious interference. To hold otherwise would contravene pro-competitive policies underlying corresponding state and federal antitrust laws.

■ Next, defendants argue that Count V fails to allege that it was reasonably probable that A–Valey would have received the Project absent defendants' interference. Falasca Supp. Br. at 13. Defendants are correct that plaintiff does not allege this element. Further, A–Valey's tortious interference claim appears to be based on defendants' alleged conspiracy to monopolize, *see* Compl. ¶ 68, which conspiracy allegations the Court has deemed deficient. *See supra* Parts II.B, C. Because A–Valey will be allowed to file a renewed motion for leave to amend Counts I and II, *see infra* Part II.E, the Court finds no harm in permitting same for Count V.

### E. Plaintiff's Motion for Leave to Amend the Complaint

Acknowledging that the allegations contained in Counts I and II of the Amended Complaint could be pled more specifically, A–Valey cross-moves for leave to amend the complaint pursuant to Fed.R.Civ.P. 15(a). Rule 15(a) allows a party to seek leave of the court to amend a deficient

pleading, "and [such] leave shall be freely given when justice so requires." Whether to grant or deny a motion for leave to amend is a matter within the court's discretion. *See, e.g., Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208, 1212 (3d Cir.1984). Under L.Civ.R. 7.1(e)(2), motions requesting leave to file an amended pleading must attach a copy of the proposed amendment.[11] Because A–Valey has not attached to its cross-motion a copy of the proposed second amended complaint, its motion will be denied without prejudice. The Court will grant A–Valey thirty (30) days within which to renew its motion for leave to amend in compliance with L.Civ.R. 7.1(e)(2).[12] *See Averbach v. Rival Mfg. Co.,* 879 F.2d 1196, 1202–3 (3d Cir.1989).

### III. CONCLUSION

For the reasons stated above, Counts I, II and V of the Amended Complaint will be dismissed without prejudice against defendants Falasca, Iannacone and Buena. A–Valey's crossmotion for leave to amend will be denied without prejudice. An appropriate order will be entered.

### ORDER

**THIS MATTER** having come before the Court upon the motions of defendants Falasca Mechanical Contractors, Inc. ("Falasca"), Iannacone Contracting Co, Inc.

---

10. Relying upon ¶ 18 of the Amended Complaint, defendants argue that A–Valey entered the bidding process for the Project "not to win the bid, but to expose the alleged monopoly." A–Valey details in the Amended Complaint its effort, including time and resources expended, in preparing its bid. *See* ¶ 23. That A–Valey devoted these efforts with a sincere desire to win the Project clearly is a reasonable inference.

11. L.Civ.R. 7.1(e)(2) provides, "[u]pon filing of a motion for leave to file an amended complaint ..., the movant shall attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled."

12. Falasca, Iannacone and Buena oppose plaintiff's cross-motion for leave to amend,

alleging that such amendments would be futile. As noted, A–Valey has failed to submit its proposed amended complaint. Should A–Valey properly file a motion for leave to amend, the Court at that time will determine whether the proposed amendments indeed are futile. Further, Iannacone argues that leave to amend as to it should be denied, claiming "it has [never] won a construction contract pursuant to a public bid issued by the Board of [Freeholders] ... nor has ever performed a construction contract in which [Villa] was the architect of record...." Iannacone's Reply Br. at 3. Iannacone attempts to support these contentions with an unsigned certification by Robert J. Iannocone. Additionally, Iannacone alleges that these facts are verifiable by public record; however, Iannacone has failed to attach copies of these records.

("Iannacone"), and Buena Plumbing, Inc. ("Buena"), (collectively "defendants") to dismiss Counts I, II and V of the Amended Complaint, and the cross-motion of plaintiff A–Valey Engineers, Inc. for leave to file a second amended complaint;

The Court having reviewed the record and the submissions of the parties;

For the reasons stated in the Court's opinion of this date;

**IT IS** this *17th* day of July, 2000 **HEREBY**

**ORDERED** that Counts I, II and V as to defendants Falasca, Iannacone and Buena shall be **DISMISSED WITHOUT PREJUDICE;** and

**IT IS FURTHER ORDERED** that plaintiff's cross-motion for leave to file a second amended complaint is **DENIED WITHOUT PREJUDICE;** and

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this order within which to renew its motion for leave to amend in conformity with L.Civ.R. 7.1(e)(2); and

**IT IS FURTHER ORDERED** that should plaintiff fail to file such motion within the prescribed deadline, Counts I, II and V against defendants Falasca, Iannacone and Buena shall be **DISMISSED WITH PREJUDICE.**

No costs.